IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN JOHN TAYAG,

      Plaintiff,                      No. 2:12-cv-2423 CKD P

     vs.

J. MAZER, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a current or former inmate at the Solano County jail,[1] proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        I.  <u>In Forma Pauperis</u>

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

/////

---

[1] Plaintiff's application to proceed in forma pauperis states that he is incarcerated at the Solano County Jail. The court notes, however, that plaintiff's address of record is, and always has been, a residential address.

1

1        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his Solano County Jail trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.  Screening of Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

1  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
2  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
3  at 678.  When considering whether a complaint states a claim upon which relief can be granted,
4  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and
5  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
6  U.S. 232, 236 (1974).
7           In his complaint, plaintiff alleges that, on or about August 25, 2012, he had a
8  black-out psychotic episode during which officers from the Solano County Sheriff's Office,
9  American Canyon Police Department, and Vallejo Police Department used excessive force on
10 him as follows:
11          Four officers boots, stepping on my head and face dislocating my
            right jaw and partially scraping off my left ear and glass puncturing
12          my nose that was on the ground [*sic*].
13 (Dkt. No. 1 at 3.)  Plaintiff seeks monetary damages for his pain and suffering.  (Id.)
14          Although plaintiff does not explicitly state, it appears that this incident occurred at
15 the Solano County Jail.  Plaintiff does not state whether he was a pretrial detainee in the jail or an
16 inmate serving a jail sentence for a judgment of conviction when this incident occurred.  The
17 distinction is important since not all excessive force claims brought under § 1983 are governed
18 by a single generic standard.
19          If plaintiff was a pretrial detainee at the time of this occurrence, his claim is
20 properly analyzed under the Due Process Clause of the Fourteenth Amendment, which protects
21 pretrial detainees from excessive force amounting to punishment. See Graham v. Connor, 490
22 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979).  If, however,
23 plaintiff was serving a jail sentence for an offense of conviction, then it is the Eighth Amendment
24 under which his claim is properly brought. See Graham, 490 U.S. at 395 n.10 ("After conviction,
25 the Eighth Amendment 'serves as the primary source of substantive protection... in cases... where
26 the deliberate use of force is challenged as excessive and unjustified.'") (citing Whitley v.

Albers, 475 U.S. 312, 327 (1986)).

The court notes that plaintiff names officials as defendants in his complaint, however his allegations only address the conduct of four unspecified officers who allegedly used excessive force on him.  Plaintiff therefore fails to allege each defendant's personal involvement in the alleged constitutional violations.  Accordingly, the court finds the allegations in plaintiff's complaint too vague and conclusory to state a cognizable claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity the overt acts which defendants engaged in that support his claim.  Id.  In other words, plaintiff must allege with greater specificity the involvement of each individual defendant.  Plaintiff should identify the four officers who were directly involved in the alleged use of force and also state how the other officers named in the complaint were involved.  Plaintiff should also state whether he was a pretrial detainee or an inmate serving a jail sentence for a judgment of conviction at the time of the alleged use of force.

For these reasons, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).[2]  If plaintiff chooses to amend the complaint, plaintiff

---

[2] Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Plaintiff states that he did not exhaust administrative remedies because the grievance process does not relate to his situation.  If plaintiff is still incarcerated, however, compliance with the exhaustion requirement is mandatory, even where the relief sought cannot be granted by the administrative process.  Booth v. Churner, 532 U.S. 731, 734, 739 (2001).  Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in a motion to dismiss under Federal Rule of Civil Procedure 12(b).  Jones v. Bock, 549 U.S. 199 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Therefore, whether plaintiff properly exhausted his claims is not an issue presently before the court at this screening stage.  However, plaintiff is advised that unexhausted

1  must demonstrate how the conditions complained of have resulted in a deprivation of his
2  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint
3  must allege in specific terms how each named defendant is involved.  There can be no liability
4  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
5  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
6  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
7  1978).  Vague and conclusory allegations of official participation in civil rights violations are not
8  sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint (Dkt. No. 1.) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

---

claims will be subject to dismissal.

1 docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff
2 must file an original and two copies of the amended complaint; failure to file an amended
3 complaint in accordance with this order will result in a recommendation that this action be
4 dismissed.

5   Dated: March 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
taya2423.14a.new